UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-61515-CIV-MORENO

DONDRELL JOSEPH CHANDLER,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING 28 U.S.C. § 2255 PETITION FOR WRIT OF HABEAS CORPUS

Petitioner claims his conviction under 18 U.S.C. § 924(c) for using a firearm in furtherance of a crime of violence, should be vacated because bank robbery does not meet § 924(c)(3)(A)'s definition for a crime of violence and § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, __ U.S.__, 135 S. Ct. 2551 (2015). This Court finds that bank robbery is a crime of violence under § 924(c)(3)(A), which supports the § 924(c) conviction irrespective of *Johnson*'s impact on § 924(c)(3)(B).

THIS CAUSE came before the Court upon the Movant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (**D.E. 1**), filed on **June 29, 2016**.

THE COURT has considered the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

### I. Background

Petitioner, Dondrell Joseph Chandler, and an accomplice robbed a TD Bank located in Pembroke Pines, Florida on September 4, 2013. Both were armed with handguns. Petitioner

vaulted atop the teller counter and shouted, "[a]ll of you, hands up. Where is the money?" A bank teller unlocked a money drawer from which the Petitioner took $2,571.10. Petitioner fired two rounds from his pistol while grabbing the money. Petitioner's accomplice "held down" the lobby while this occurred. Then, Petitioner and his accomplice fled the scene in a Pontiac Firebird. Later, after he was apprehended by law enforcement officers, Petitioner admitted in an interview that he robbed the bank in the manner described above.

On March 11, 2014, a grand jury returned a two-count indictment against the Petitioner charging him with Bank Robbery in violation of 18 U.S.C. § 2113(a) and using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Petitioner pled guilty to both counts on July 24, 2014. The first count, Bank Robbery, included the language "did knowingly take by force, violence, and intimidation. . .." There was no plea agreement.

That same day, the Court sentenced Petitioner to one day in prison for the Bank Robbery charge and 120-months imprisonment for discharging a firearm in furtherance of a crime of violence, to be served consecutively. Petitioner is currently serving this sentence.

This is the Petitioner's first Motion to Correct Sentence under 28 U.S.C. § 2255. The Government argues the petition is procedurally barred and without merit.

## II. Analysis
*A. Is the motion to vacate procedurally barred?*

Generally, a movant must file a direct appeal, or else be barred from presenting such claims in a § 2255 proceeding. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show <u>cause</u> for not raising a claim of error on direct appeal *and* actual <u>prejudice</u> from the alleged error. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[C]laims

2

not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). The second exception to the procedural default rule is actual innocence. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

### 1. Cause and Prejudice

The Government argues that this Movant could have anticipated the ruling in *Johnson* and filed a direct appeal. Where the Supreme Court explicitly overrules well-settled precedent and gives retroactive application to that new rule after a litigant's direct appeal, "[b]y definition" a claim based on that new rule cannot be said to have been reasonably available to the counsel at the time of the direct appeal. *Reed v. Ross*, 468 U.S. 1, 17 (1984). That is precisely the circumstance here. *Johnson* overruled precedent, announced a new rule, and the Supreme Court gave retroactive application to that new rule.

Although Petitioner can show cause, he cannot establish actual prejudice. In this case, no actual prejudice would result from finding a procedural default because the Petitioner's conviction for Bank Robbery, 18 U.S.C. § 2113(a), constitutes a crime of violence under § 924(c)(3)(A) (the "use-of-force clause"). *In re: Sams*, 830 F.3d 1234, 1238 (11th Cir. 2016) (concluding that a bank robbery conviction under § 2113(a) qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause). That being the case, the Petitioner cannot make the required showing of prejudice because his § 924(c) conviction is not predicated on the portion of the statute the Petitioner claims is unconstitutional under Johnson -- the residual clause at § 924(c)(3)(B).

### 2. Actual Innocence Exception

Having found the Petitioner cannot establish cause and actual prejudice to warrant an exception to the procedural bar, the Court must next examine whether the actual innocence

3

exception is met. To establish actual innocence, a movant must show that it is "more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Where a defendant has been convicted under a constitutionally invalid provision of a statute, the defendant is actually innocent of the offense because his conduct was not a crime.

Here, the Petitioner cannot satisfy the "actual innocence" exception to the procedural default rule. Again, the Eleventh Circuit has squarely found that a § 2113 bank robbery conviction constitutes a "crime of violence" under the use-of-force clause, 18 U.S.C. § 924(c)(3)(A). *In re: Sams*, 830 F.3d at 1238. Therefore, Petitioner's conviction is not constitutionally infirm as it is based on a portion of the statute that is not at issue. *In re: Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) ("Even assuming that *Johnson* invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not assist [a defendant whose] underlying conviction . . . [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense.").

Having found the bank robbery conviction clearly qualifies as a crime of violence under the § 924(c)(3)(A)'s use-of-force clause, the Court need not decide whether it also qualifies as a crime of violence under § 924(c)(3)(B)'s residual clause, nor does the Court need address *Johnson*'s impact on § 924(c)(3)(B).

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of February 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record